UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

CHESTER BURNIDGE HANDLEY,

    Debtor,

Case No. 03-CV-74493-DT

HONORABLE DENISE PAGE HOOD

KIMBERLEY A. HEFLIN, ANNETTE
M. ADAMS, PAMELA E. HOXSIE,
RACHEL M. LA FAVER, JEWELL A.
SHOEMAKER, ROBERT A.
SHOEMAKER, CHERIE A. MACKLEY
and JAMES W. MACKLEY,

Bankr. Ct. No. 02-41765

    Plaintiffs/Appellees,

Adv. Case No. 02-4308-R

v.

CHESTER BURNIDGE HANDLEY,

    Defendant/Appellant.
_____/

**MEMORANDUM OPINION AND ORDER**

**I.    FACTS/BACKGROUND**

On January 23, 2002, Debtor Chester Burnidge Handley filed a voluntary petition under chapter 7 of the Bankruptcy Code. On March 15, 2002, an adversary proceeding was filed by the Plaintiffs, the Debtor's former employees, alleging the Debtor made unwanted sexual advances and comments toward the employees. At the same time, Debtor was charged with 11 counts of Criminal Sexual Conduct in the Fourth Degree by the Macomb County Prosecutor's Office. The criminal charges arose from the same activities as the adversary proceeding before the Bankruptcy Court.

Plaintiffs filed a Motion to Compel the Debtor's deposition and the Debtor filed a Motion

to Stay Proceedings pending the conclusion of the criminal proceedings before the Bankruptcy Court. The Bankruptcy Court denied the Debtor's Motion to Stay Proceedings and granted Plaintiffs' Motion to Compel the Debtor's deposition. At his deposition, the Debtor pled the Fifth Amendment to most of the questions posed to him.

The Debtor attempted to waive his Fifth Amendment rights and testify to the topics and issues raised at his deposition during the trial in the adversary proceeding before the Bankruptcy Court. Plaintiffs objected to the testimony and the Court barred the Debtor from testifying to the topics and issues raised at his deposition to which the Debtor did not respond, asserting the Fifth Amendment privilege. The Bankruptcy Court also denied the Debtor's attempt to call unnamed witnesses as rebuttal witnesses and the Debtor's attempt to recall some of the Plaintiffs as rebuttal witnesses.

The Bankruptcy Court found in favor of Plaintiffs and awarded Plaintiffs a total of $450,000.00 against the Debtor, and $31,533.22 in attorney fees. The Bankruptcy Court found that the debt was nondischargeable under 11 U.S.C. § 523(a)(6). The Bankruptcy Court issued its Final Judgment on October 28, 2003. This appeal followed. A hearing was held on the matter. The parties relied on their briefs and did not present any oral arguments during the hearing.

## II. JURISDICTION AND STANDARD OF REVIEW

The district court has jurisdiction over appeals from final orders of the bankruptcy court in core proceedings. 28 U.S.C. §§ 157(b)(1) and 158(a)(1). A bankruptcy court's findings of fact are reviewed under a clearly erroneous standard, while its conclusions of law are reviewed *de novo*. *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 476-77 (6th Cir. 1996); Bankr. R. 8013. Where a bankruptcy court's determination involves a mixed question of fact and

law, the district court "must break it down into its constituent parts and apply the appropriate standard of review for each part." *Wesbanco Bank Barnesville v. Rafoth (In re Baker & Getty Fin. Servs., Inc.)*, 106 F.3d 1255, 1259 (6th Cir. 1997)(quoting *Investors Credit Corp. v. Batie (In re Batie)*, 995 F.2d 85, 88 (6th Cir. 1993)). An order determining the dischargeability of a debt is a final order and is appealable under 28 U.S.C. § 158(a). *See Bathalter v. Nat'l Acc. Co. of America,* 123 B.R. 568 (S.D. Ohio 1990); *In re Trantham,* 304 B.R. 298, 3001 (B.A.P. 6th Cir. 2004).

### III. ANALYSIS

#### A. Due Process

The Debtor raises three issues on appeal: 1) the Debtor was denied due process by being prohibited from testifying at trial; 2) the Debtor should have been allowed to call unnamed rebuttal witnesses; and 3) the Debtor should have been allowed to recall witnesses as rebuttal witnesses. Plaintiffs claim that the Bankruptcy Court did not err in its ruling prohibiting the Debtor from testifying at trial. Debtor cites a Michigan Court of Appeals decision holding that when an individual asserts the Fifth Amendment right against self incrimination, he or she is not prohibited from later waiving that right. *People v. Rolston,* 31 Mich. App. 200 (1971).

Although the Court agrees that the *Rolston* case cited by Plaintiff stands for the proposition that in a criminal case, a defendant may refuse to respond to questions before trial but may later testify at trial. However, the *Rolston* case is not applicable to the instant case. The *Rolston* case involves a criminal case where Michigan court held that the prosecution cannot introduce the defendant's exercise of his Fifth Amendment rights at trial. The issue in this civil case is whether a party can invoke his or her Fifth Amendment rights during discovery and then decide to testify at trial, avoiding discovery and surprising the opposing party at trial.

3

The Fifth Amendment of the United States Constitution protects individuals from incriminating themselves through their own testimony. The Fifth Amendment protects the individual against being involuntarily called as a witness against himself or herself in a criminal prosecution but also permits him or her the privilege of not answering official questions put to him or her in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him or her in the future criminal proceedings. *Lefkowitz v. Turley,* 414 U.S. 70, 77 (1973). Courts have held that allowing a party to plead the Fifth Amendment to avoid answering questions during discovery and then change strategy and testify at trial would frustrate the opposing party's discovery attempts. *United States v. $60,000.00,* 763 F.Supp. 909, 913 (E.D. Mich. 1991). The United States Supreme Court has noted that the Fifth Amendment addresses only a relatively narrow scope of inquiries. *Garner v. United States,* 424 U.S. 648, 655 (1976). The Sixth Circuit has held that a party's response during a deposition with the conclusionary statement, "fifth amendment," is insufficient to invoke the Fifth Amendment privilege. *In re Morganroth,* 718 F.3d 161, 166-67 (1983). A party may not use the Fifth Amendment to shield himself or herself from the opposition's inquiries during discovery only to impale the opposition with surprise testimony at trial. *$60,000*, 763 F.Supp. at 914. Once a civil litigant invokes the Fifth Amendment privilege on an issue, he or she will be barred from introducing other evidence on that issue. *Traficant v. Commissioner of the I.R.S.*, 884 F.2d 258, 265 (6th Cir. 1989). A party has the constitutional option to assert the Fifth Amendment privilege but cannot use the privilege as a basis for avoiding the requirements of Rule 56 of the Federal Rules of Civil Procedure. *See United States v. Certain Real Property 566 Hendrickson Boulevard,* 986 F.2d 990, 996 (6th Cir.1993) (A "[c]laimant cannot avoid completely his Rule 56 burden by merely asserting a Fifth Amendment privilege.").

In this case, the Bankruptcy Court granted Plaintiffs' Motion in Limine to prohibit the Debtor from testifying at trial because the Debtor asserted his Fifth Amendment privilege during discovery. The Bankruptcy Court held that based on the *$60,000.00* case, the Debtor would not be allowed to testify at trial.

The *$60,000.00* case and the other cases cited above supports the Bankruptcy Court's ruling. The Debtor set forth no specific reasons, other than a blanket waive of privilege, why he was unable to testify at his deposition to most of the questions. The discovery procedures in a civil proceeding would be frustrated if a party is allowed to present "surprise" testimony at trial because the party was allowed to avoid discovery by asserting a Fifth Amendment privilege. The Bankruptcy Court's ruling was not in error and is affirmed.

### B. Unnamed Rebuttal Witness

The Debtor claims he was not allowed to call an unnamed rebuttal witness to contradict prior testimony elicited during the Plaintiffs' case-in-chief. Plaintiffs claim the Debtor failed to identify the witness by name and that the Debtor simply refers to "a former employee who had moved from the area" in the Debtor's brief. Plaintiffs' counsel indicates that he has no recollection of the Debtor attempting to call any such witness and no such request appears in any of the trial transcripts Plaintiffs' counsel has reviewed.

The Court notes that the docket does not reflect that a trial transcript was filed by the Debtor.[1] The Court cannot determine whether any ruling at trial precluding the Debtor from calling an unnamed rebuttal witness is in error. The Court notes that the Joint Final Pre-Trial Order was entered pursuant to the Local Rule 16.2 of the United States District Court for the Eastern District

---

[1] The Debtor's Designation of Records indicate a transcript was ordered.

of Michigan and Local Rule 7016-1 of the United States Bankruptcy Court for the Eastern District of Michigan. E.D. Mich. LR 16.2 expressly states that the Joint Final Pretrial Order supersedes the pleadings and governs the course of trial. E.D. Mich. LR 16.2(a). The Local Rule further states that only listed witnesses will be permitted to testify at trial, except for rebuttal witnesses whose testimony could not be reasonably anticipated before trial, or except for good cause shown. E.D. Mich. LR 16.2(b)(8).

In this case, as noted above, the Debtor did not submit a copy of the trial transcript. The Court is unable to determine whether the Debtor in fact requested permission to call an unnamed rebuttal witness, in light of the Plaintiffs' argument that the Debtor did not make such a request at trial. Even if the Debtor did made such a request at trial, the Bankruptcy Court's denial was not in error since the Debtor failed to specifically set forth the unnamed rebuttal witness' proposed testimony and the impact of the proposed testimony on the outcome of the trial. The Debtor failed to carry his burden on appeal on this issue.

      C.     **Recall Witnesses as Rebuttal Witnesses**

The Debtor claims that the Bankruptcy Court erred in not allowing the Debtor to recall witnesses who already testified as rebuttal witnesses. In response, Plaintiffs claim that the Bankruptcy Court did not abuse its discretion because the Debtor does not set forth any specific reasons why the witnesses had to be recalled.

Again, the Debtor does not specifically indicate what testimony these witnesses were going to rebut nor did the Debtor identify which witnesses he was attempting to recall. The Court is unable to review the Bankruptcy Court's ruling since no copy of the trial transcript was filed with the Court by the Debtor. In any event, without the benefit of the trial transcript, the Bankruptcy

Court did not err in its ruling given that the Debtor had the opportunity to thoroughly examine and cross-examine the witnesses and the Debtor did not claim on appeal that he was unable to do so at trial.

### III. **CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that Appellant Handley's Appeal is DENIED and DISMISSED with prejudice.

IT IS FURTHER ORDERED that the Bankruptcy Court's Order and Judgment is AFFIRMED.

    /s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: February 9, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 9, 2006, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager